# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LA ISSY, INC.,

    Plaintiff,

v.                                             Case No: 8:20-cv-1878-KKM-AEP

HARTFORD CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 29). Upon review, the Court finds that Defendant has failed to demonstrate that this Court has subject matter jurisdiction. Accordingly, the motion to remand is granted.

This action arises from an insurance contract between LA Issy, Inc., a hair salon located in Palm Harbor, Florida, and Hartford Casualty Insurance Company. (Doc. 1-1). Plaintiff LA Issy brings a claim of breach of contract resulting from Defendant Hartford Insurance Company's denial of its claims for lost business income resulting from COVID-19 closures, and it alleges that damages exceed $30,000. (Doc. 1-1 at 3). Specifically, Plaintiff alleges that Defendant improperly denied its claim for coverage under the "Civil Authority" provision of its policy, which provides:

> (1) This insurance is extended to apply to the actual loss of Business Income you sustain when access to your "scheduled premises" is

> specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your "scheduled premises."
> (2) The coverage for Business Income will begin 72 hours after the order of civil authority and coverage will end at the earlier of:
> (a) When access is permitted to your "scheduled premises"; or
> (b) 30 consecutive days after the order of the civil authority.

(Doc. 1-1 at 2).

Defendant removed the action on August 11, 2020, claiming this Court has diversity jurisdiction over the action. (Doc. 1). In support of the requisite amount in controversy, Defendant contends that the damages sought by Plaintiff are based on the value of the underlying claim, which is the amount Plaintiff would be due if the policy covered the claim. (Doc. 1 at 3). Based on Plaintiff's allegations, Defendant estimates that Plaintiff was closed for 64 days. *Id.* at 4. Using an annual income estimate from Experian Business Data, Defendant suggests that the annual income of Plaintiff is $619,000; thus, the total lost income from the 64-day closure is $108,537. *Id.* Defendant also argues that Plaintiff's request for attorneys' fees should be included in the calculation of the amount in controversy but does not offer a figure for those fees. *Id.*

Plaintiff moves to remand this action. (Doc. 29). Specifically, Plaintiff argues that it can recover lost business income only up to 30 days under the contract. *Id.* at 3. Plaintiff also provides an affidavit from its president that the total gross sales of the comparable 30-day period in 2019 were $41,768.80. *Id.* Even assuming a third of this

2

amount was awarded in attorneys' fees, Plaintiff argues the total award would still be below the $75,000 threshold. *Id.* at 4.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Defendant must present "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and if questioned, present evidence establishing that the amount is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014). "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). To the extent a question exists about the amount in controversy, any uncertainty about jurisdiction must be resolved in favor of remand. *Bechtelheimer v. Cont'l Airlines, Inc.*, 776 F. Supp. 2d 1319, 1321 (2011) ("[F]ederal courts must narrowly construe removal statutes and 'resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts.'").

Defendant fails to meet that burden. "In determining the amount in controversy in the insurance context, . . . it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Sanchez v. USAA Gen. Indem. Co.*, No. 8:20-cv-2707-T-33SPF, 2020 WL 6886221, at *2 (M.D. Fla. Nov. 24, 2020)

3

(Covington, J.) (quoting *Martins v. Empire Indem. Ins. Co.*, No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (Marra, J.) (citing cases)). Plaintiff's action stems from a claim under the Civil Authority provision of the policy. (Doc. 1-1 at 3–5). Defendant argues, however, that Plaintiff's insurance claim was denied under *both* the Civil Authority provision and the general coverage provision that covers lost business income of up to 12 months. Perhaps that is why the Defendant denied Plaintiff's insurance claim, but the Court does not read the Complaint as alleging a breach of contract or seeking a declaratory judgment under both of those provisions. Instead, the Complaint challenges the denial of coverage solely under the Civil Authority provision. (Docs. 1-1, 32 at 2, 5). Plaintiff repeatedly alleges that it is "entitled to recover damages for business interruption due to civil authority." (Doc. 1-1 at 2, 7); (*see also id.* at 3, 4, 5, 6) (referring to actions of the "civil authority" as the cause of its lost business income).

At the jurisdictional stage, "the pertinent question is what is *in controversy* in the case." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Because Plaintiff has only put the Civil Authority coverage in controversy, only the claim under that provision may be considered. The Civil Authority provision clearly limits the value of any claim under that provision to the amount of business income lost in a period of

4

"30 consecutive days after the order of the civil authority." (Doc. 1-1). Defendant's estimate based on 64 days of closure far exceeds the value of the disputed claim.[1]

Taking the value of the claim as lost business income for 30 days, the dispositive issue is the amount of money that could be paid for this insurance claim. Plaintiff and Defendant submit competing figures for estimating what the lost business income would be, and Defendant disputes whether Plaintiff's post-removal affidavit may be considered by the Court. But the Court need not decide this issue because, even using Defendant's method of estimating the lost income from LA Issy, the amount falls short of $75,000. Using Defendant's method, the estimated lost income for 30 days of closure would be 8.2 percent of $619,000, which amounts to $50,876.71.

Defendant also argues that attorneys' fees should be included in the amount in controversy because Plaintiff seeks fees under section 627.428, Florida Statutes. It is true that attorneys' fees count toward the amount in controversy when they are allowed by statute or contract. *See McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003). But Defendant provides no evidence or allegations of the sum of attorneys' fees either prospectively or retrospectively.[2] Without specific allegations that the attorneys' fees

---

[1] Defendant does not contest that coverage under the Civil Authority provision would be limited to 30 days of business income, only that Plaintiff's action is not so circumscribed to that provision.
[2] There is a split among district courts within the Eleventh Circuit on whether prospective attorneys' fees, i.e., an estimate of fees to be incurred through the end of litigation, should be included in the amount in controversy. *See Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 3:20-cv-1165-J-34JBT, 2020 WL 6502662, at *3 n.4 (M.D. Fla. 2020 Nov. 5, 2020) (Howard, J.). Given that the Defendant did not allege the amount of fees, however, this issue is not before the Court.

5

make up the remaining balance of the amount in controversy or a reasonable estimate of those fees, the Court cannot determine whether it has jurisdiction without engaging in a "judicial star-gazing." *Reyes v. Am. Sec. Ins. Co.*, No. 16-23978-Civ-Scola, 2017 WL 2296907, at *2 (S.D. Fla. 2017 May 26, 2017) (Scola, J.) (quoting *Northup Props., Inc. v. Chesapeake Appalachia LLC*, 567 F.3d 767, 770–71 (6th Cir. 2009)); *see also Pretka*, 608 F.3d at 753–54 (explaining that "without facts or specific allegations, the amount in controversy could be divined . . . only through speculation," and "that is impermissible"). Moreover, applying judicial common sense to the amount of fees would not result in exceeding the $75,000 minimum, as fees in this relatively straightforward contract dispute would not ordinarily exceed 50 percent of the total amount that could be paid under the insurance claim.[3]

Defendant has not met his burden to establish that the amount in controversy exceeds $75,000 and that this Court has subject matter jurisdiction. Accordingly, the Plaintiff's Motion to Remand is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, for all further proceedings. The Clerk is directed to transmit a certified copy of this Order to the clerk of the state court and close this file.

---

[3] Indeed, using Defendant's estimation for business income, attorneys' fees would still need to exceed $24,123.29, approximately 50 percent of the potential payment under the policy, to overcome the $75,000 hurdle.

**ORDERED** in Tampa, Florida, on June 3, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge